Filed 5/16/22  P. v. Wall CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ALLEN STEVEN WALL, JR.,<br><br>    Defendant and Appellant. | C089914<br><br>(Super. Ct. No. CRF17-00106) |

When the trial court sentenced defendant Allen Steven Wall, Jr., to three years in state prison, the trial court also imposed various costs and explained that some of those costs would "be collected by" California's Department of Corrections and Rehabilitations (CDCR).  In a November 2020 postjudgment motion, defendant challenged (what he characterizes as) the trial court's "order" that CDCR collect costs as violative of equal protection principles, because -- as a "criminal judgment debtor" -- defendant was not afforded the state law protections limiting wage garnishment that civil judgment debtors receive.  The trial court summarily denied defendant's motion.  On appeal, defendant

1

renews his constitutional challenge. We dismiss this claim as moot because defendant has been paroled,[1] and therefore is no longer subject to CDCR collection of any prison wages.

In supplemental briefing, defendant and the People agree that recent legislation requires some of the imposed costs to be vacated. We agree.

Accordingly, we will modify trial court's order of costs, affirm the order as modified, and remand for amendment of the abstract of judgment.

BACKGROUND

The facts underlying defendant's offense are immaterial to this appeal. It suffices to say that in March 2017, defendant pleaded no contest to battery resulting in serious bodily injury to another. (Pen. Code, § 243, subd. (d).)[2]

In 2017, the trial court suspended imposition of sentence and placed defendant on probation. The trial court also imposed various costs, including a $300 restitution fine (§ 1202.4), a 10 percent collection fee (§ 1202.4, former subd. (*l*)), a suspended $300 probation revocation restitution fine (§ 1202.44), $40 court security fee (§ 1465.8), a $30 conviction assessment (Gov. Code, § 70373), a monthly probation fee of $40 (former § 1203.1b); $370 for a presentencing report (former § 1203.1b); a booking fee of $43.50 (Gov. Code, former § 29550.2); and $5 for each urinalysis test.

In 2019, after defendant admitted that he violated terms of his probation, the trial court imposed a sentence of three years in state prison. Regarding costs, the trial court explained: "Previously imposed $300 restitution fine remains imposed. It was not paid. It will be collected by [CDCR]. [¶] Previously suspended $300 [probation revocation] restitution fine . . . . To be collected by [CDCR]. [¶] [CDCR] will also collect the $40

---

[1] This appeal was fully briefed on April 5, 2022, when defendant filed his reply brief.

[2] Further undesignated statutory references are to the Penal Code.

2

court security fee and the $30 conviction assessment, but any other local fines and fees . . . will not be collected by [CDCR].  So they will be suspended by this [c]ourt."

In June 2019, defendant timely appealed his sentence.

In November 2020, defendant (through his current appellate counsel) filed in the trial court a motion "to correct the financial terms imposed at sentencing."  Invoking section 1237.2,[3] defendant argued the trial court's "order that CDCR officials collect the restitution fine, probation revocation fine, and the two assessments" violated equal protection principles.  This was so, defendant argued, because the order "authorize[d] a harsher system of collections against" defendant (as a "criminal judgment debtor") than the "ordinary civil judgment debtor[]" collection scheme under state law, which has "limits on wage garnishment."

In December 2020, the trial court summarily denied the motion, characterizing it as an "ex parte motion."

## DISCUSSION

### I

### *Equal Protection Claim*

On appeal, defendant reiterates his equal protection challenge to the trial court's costs orders.  He maintains that the federal equal protection clause "prohibits a state from

---

[3]     The statute provides:  "An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant *first makes a motion for correction in the trial court*, which may be made informally in writing.  *The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines*, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction.  This section only applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal."  (§ 1237.2, italics added.)

denying to an individual subjected to a money judgment in a criminal action the exemptions available to a money judgment debtor in a civil action."

The People argue, as threshold matters, that: (a) defendant's claim is forfeited on appeal because it was not raised at sentencing; (b) the appeal should be dismissed because defendant "failed to exhaust his administrative remedies" by "first fil[ing] an administrative appeal against CDCR"; and (c) defendant has not provided an adequate record that "CDCR took any action with respect to any money [defendant] earned."

On the merits, the People argue defendant's claim lacks merit, as he "is not similarly situated to" civil judgment debtors, and even if he were similarly situated, "the distinction is reasonably related to a legitimate state interest."

We need not decide these issues, because we conclude defendant's equal protection claim is moot because he has been paroled.[4] Thus, he is no longer subject to withholding of any prison wages by CDCR.

A. *Background Legal Principles on Mootness*

" ' "[W]hen, pending an appeal from the judgment of a lower court, and without any fault of the [opposing party], an event occurs which renders it impossible for th[e] [reviewing] court, if it should decide the case in favor of [appellant], to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will

---

[4]    Defendant informs us of this in his reply brief. Consistent with defendant's statement in his reply brief, CDCR's online inmate locator reflects that defendant is not in CDCR's custody. On our own motion, we take judicial notice of that fact. (Evid. Code, § 452, subd. (h) [courts can take judicial notice of "[f]acts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy"]; see *People v. Seumanu* (2015) 61 Cal.4th 1293, 1372-1373 [courts can take judicial notice of facts from Web site maintained by CDCR]; cf. *Voice of San Diego v. Superior Court* (2021) 66 Cal.App.5th 669, 691, fn. 14 [taking judicial notice, on the court's own motion, of U.S. Census Bureau data reflecting city populations].)

4

dismiss the appeal" ' as moot.  [Citation.]"  (*People v. DeLeon* (2017) 3 Cal.5th 640, 645 (*DeLeon*).)

In *DeLeon*, our Supreme Court determined that a criminal defendant's procedural challenge to revocation of his parole was moot because "he . . . completed his period of incarceration, and his parole supervision . . . terminated" during the pendency of his legal challenge.  (*DeLeon*, *supra*, 3 Cal.5th at p. 660; *id.* at pp. 644-646.)

Our Supreme Court rejected defendant's arguments that his "appeal [was] not moot because he face[d] disadvantageous collateral consequences," including that "unsatisfactory performance on parole is a criterion affecting eligibility for probation and mandatory supervision [citation], and is an aggravating circumstance in selecting a term of imprisonment [citations]."  (*DeLeon*, *supra*, 3 Cal.5th at p. 645.)  Relying on *Spencer v. Kemna* (1998) 523 U.S. 1, *DeLeon* explained that the "[f]uture consequences" that defendant feared, "w[ould] not arise unless there [was] additional criminal conduct," by defendant -- "a circumstance that was wholly within his control."  (*DeLeon*, at p. 646.) That "possibility did not show an injury in fact."  (*Id.* at p. 645.)  Rather, it was "simply too speculative to support the conclusion that a legally sufficient controversy exist[ed]." (*Id.* at p. 646, fn. 2.)

Here, defendant argues that "should his parole be revoked," he again *will be* "subject to a wage garnishment" implicating his equal protection rights.

In light of *DeLeon*, possible revocation of defendant's parole (a matter within defendant's control) does not show an injury in fact sufficient to overcome mootness principles.  Accordingly, defendant's equal protection claim is moot.

II

*Assembly Bill No. 1869 & Assembly Bill No. 177*

While this appeal was pending, the Legislature passed Assembly Bill No. 1869 (2019-2020 Reg. Sess.), which adopted Penal Code section 1465.9 (Stats. 2020, ch. 92, § 62), amended by Assembly Bill No. 177 (2019-2020 Reg. Sess.) (Stats. 2020, ch. 257,

§ 35),[5] and Government Code section 6111 (Stats. 2020, ch. 92, § 11).[6] These statutory provisions rendered a number of the fees, fines, and costs imposed by the trial court in this case unenforceable and uncollectible and require that any portion of the judgment imposing these costs be vacated.

As relevant here, under section 1465.9, subdivision (a), the cost of the presentence report of $370 (former § 1203.1b) and the monthly probation fee of $40 (*ibid*.) are unenforceable and uncollectible. Under section 1465.9, subdivision (b), the 10 percent collection fee on the $300 restitution fine (§ 1202.4, former subd. (*l*)) is unenforceable and uncollectible. Under Government Code section 6111, subdivision (a), administrative booking fees (Gov. Code, former § 29550.2) are unenforceable and uncollectible.

Penal Code section 1465.9 and Government Code section 6111 provide that the enumerated fees, fines, and costs may not be collected after July 1, 2021. Therefore, these statutes by their express terms apply retroactively to July 1, 2021, and we need not apply the presumption of retroactivity (see *In re Estrada* (1965) 63 Cal.2d 740) to the

---

[5] Section 1465.9, subdivision (a), provides: "The balance of any court-imposed costs pursuant to Section 987.4, subdivision (a) of Section 987.5, Sections 987.8, 1203, 1203.1e, 1203.016, 1203.018, 1203.1b, 1208.2, 1210.15, 1463.07, 3010.8, 4024.2, and 6266, as those sections read on June 30, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated."

Assembly Bill No. 177 amended section 1465.9 by adding subdivision (b), which provides: "On and after January 1, 2022 the balance of any court-imposed costs pursuant to Section 1001.15, 1001.16, 1001.90, 1202.4, 1203.1, 1203.1ab, 1203.1c, 1203.1m, 1203.4a, 1203.9, 1205, 1214.5, 2085.5, 2085.6, or 2085.7, as those sections read on December 31, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated."

[6] Government Code section 6111 provides: "On and after July 1, 2021, the unpaid balance of any court-imposed costs pursuant to Section 27712, subdivision (c) or (f) of Section 29550, and Sections 29550.1, 29550.2, and 29550.3, as those sections read on June 30, 2021, is unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (Gov. Code, § 6111, subd. (a).)

6

ameliorative changes in the law made by Assembly Bill No. 1869. (See *People v. Greeley* (2021) 70 Cal.App.5th 609, 625-627.)

Moreover, "[i]n addition to making any unpaid portion of the identified assessments void by operation of law, however, the plain language of Government Code section 6111 and Penal Code section 1465.9 not only authorizes, but mandates, vacation of a portion of a judgment for the purpose of striking the now-unauthorized assessments . . . . Specifically, after declaring that the identified fees are now 'unenforceable and uncollectible,' the relevant statutes then state, '*and* any portion of a judgment imposing those costs *shall be vacated*.' (Gov. Code, § 6111, subd. (a), italics added; Pen. Code, § 1465.9, subd. (a), italics added.)" (*People v. Greeley*, *supra*, 70 Cal.App.5th at p. 626.)

Accordingly, we conclude any unpaid balances of the following costs imposed by the trial court must be vacated: (i) the presentence report cost and attendant 10 percent collection fee; (ii) the monthly probation fee; and (iii) any administrative booking fees.

DISPOSITION

Defendant's equal protection claim is dismissed as moot. The portion of costs imposed by the trial court under Penal Code former section 1203.1b and section 1202.4, former subdivision (*l*), and Government Code former section 29550.2 that remains unpaid as of July 1, 2021, is vacated. As so modified, the trial court's order of costs is affirmed. The trial court is directed to amend the abstract of judgment to reflect the vacatur of any balance of costs imposed under Penal Code former section 1203.1b and section 1202.4, former subdivision (*l*), and Government Code former section 29550.2 that remains unpaid as of July 1, 2021, and to forward a certified copy of the amended

7

abstract of judgment to the Department of Corrections and Rehabilitation and to defendant.

/s/
HOCH, J.

We concur:


/s/
BLEASE, Acting P. J.


/s/
EARL, J.

8